IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CAROLYN ASTON,                                    Civ. No. 05-6178-AA

      Plaintiff,                            OPINION AND ORDER

  v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____

Richard F. McGinty
McGinty & Belcher
P. O. Box 12806
Salem, OR  97301
    Attorney for plaintiff

Karen Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Nancy A. Mishalanie
Social Security Administration
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
    Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act (the Act).   For the reasons set forth below, the Commissioner's decision is affirmed.

<u>BACKGROUND</u>

On March 1, 2001, plaintiff filed an application for disability insurance benefits.   Tr. 72-74.   Her application was denied initially and on reconsideration.   Tr. 55-59, 62-64.   After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on February 5, 2003.   Tr. 337-363.   On April 17, 2003, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act.   Tr. 87-92.   On August 16, 2003, the Appeals Council vacated the ALJ's decision and remanded the case to determine plaintiff's lifting capacity, obtain updated medical records and a functional assessment, and further evaluate the record.   Tr. 17.   On December 2, 2004, plaintiff appeared and testified before the ALJ at a second administrative hearing, along with a vocational expert.   Tr. 365-376.   On March 16, 2005, the ALJ rendered a second decision finding plaintiff not disabled within the meaning of the Act.   Tr. 17-27.   The Appeal Council denied review, rendering the ALJ's decision as the final agency decision.   Tr. 8-10.   Plaintiff now seeks judicial review of the Commissioner's denial of benefits.

Plaintiff was sixty-four years old at the time of the ALJ's decision, with a high school education, two years of college

2    - OPINION AND ORDER

courses, and past work history as an industrial cook.  Tr. 18, 26, 112, 117.  Plaintiff alleges disability since November 2000 due to back and flank pain of unknown origin.  Tr. 345-47.

### STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  While questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health and Human Servs., 933 F.2d 735, 738 (9th Cir. 1991).

### COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an

3    - OPINION AND ORDER

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.  At step one, the ALJ found that plaintiff had not performed "substantial gainful activity" during the period of alleged disability.  Tr. 19; Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At steps two and three the ALJ found that plaintiff had "medically severe impairments," including status post right nephrectormy and status post hysterectormy, but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Tr. 21; Yuckert, 482 U.S. at 140-41; see 20 C.F.R. § 404.1520(c) and (d).

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a full range of light work.  Specifically, the ALJ found that plaintiff can stand/walk for up to six hours in an eight-hour workday and can lift/carry twenty pounds occasionally and ten pounds frequently.  Tr. 25. Based on his RFC findings and the testimony of the vocational expert, the ALJ found that plaintiff was unable to perform her past relevant work as an institutional cook.  Tr. 25, 373-74; 20 C.F.R. § 404.1520(e).  Thus, the inquiry moved to step five.

At step five, the burden shifts to the Commissioner to establish that the claimant can perform other work.  Yuckert, 482

4    - OPINION AND ORDER

U.S. at 141-42; see 20 C.F.R. § 404.1520(e) and (f).  Relying on the testimony of a vocational expert, the ALJ found that plaintiff could perform the work activity of a short order cook, a job that exists in significant numbers in the national economy.  Tr. 25, 374.  Accordingly, the ALJ found that plaintiff was not disabled under the Act.

## DISCUSSION

Plaintiff argues that the Commissioner's decision must be reversed and remanded for an award of benefits, because the ALJ's RFC determination is not supported by substantial evidence in the record.  Further, plaintiff maintains that the ALJ erred in determining that plaintiff is able to perform the work of a short order cook without identifying plaintiff's transferrable skills or the level of vocational adjustment.

## A.  Evaluation of Residual Functional Capacity

Plaintiff argues that the ALJ erred by disregarding the opinion of Dr. Bruton, a non-examining physician, that plaintiff is able to stand and walk for two hours at a time while adopting the Dr. Bruton's opinion regarding plaintiff's credibility regarding her allegations of pain.

On February 6, 2003, the ALJ contacted Dr. Bruton and asked him to review plaintiff's medical record and a tape recording of the first administrative hearing and render an opinion regarding plaintiff's functional capabilities.  Tr. 303.  The ALJ did so because the record did not contain an evaluation of plaintiff's ability to perform other work, and her treating physician would not render such an opinion, because he did not have any data regarding plaintiff's disability.  Tr. 302.   Dr. Bruton responded:

5    - OPINION AND ORDER

> No where in the record do I find a mention of problems of
> flank pain as she describes. . . . Based on the objective
> findings in the record, I have to discount her subjective
> complaints of pain as being as limiting as she says they
> are. . . . I think that she should be able to stand 2 hrs
> at a time, sit 2 hrs at a time, walk at her own pace, and
> lift up to 25 lbs occasionally.  She could lift 10 to 15
> lbs frequently.

Tr. 304.  The ALJ found that Dr. Bruton's opinion accurately

reflected the medical evidence of record and plaintiff's

credibility.[1]  Further, the ALJ construed Dr. Burton's opinion to

mean that plaintiff was able to stand and walk for two hours at a

time with normal work breaks, but that Dr. Bruton did not conclude

that plaintiff could stand or walk only two hours in an eight-hour

workday.  Tr. 23.

I find no error.  First, the ALJ cited additional findings in

support of his credibility determination, including numerous

inconsistencies regarding plaintiff's allegations of disabling

pain.  Tr. 23-24.  For example, in April of 2001 and October 2002,

plaintiff reported "feeling well" with no complaints and that she

had "retired" since her surgery.  Tr. 210, 279.  In January and

March of 2002, plaintiff reported experiencing no pain since being

retired and performing physical activities inconsistent with her

allegations, including walking 1.5 miles per day with uphill

climbs.  Tr. 227, 284.  Further, in December of 2002 and January

2003, it was reported that plaintiff's flank pain was "resolved."

---

[1]In doing so, he rejected the opinion of Dr. French, an
examining physician, who opined that plaintiff could stand and
walk for at least ten hours in an eight-hour workday and lift 15
pounds occasionally and ten pounds frequently.  Tr. 321.  The ALJ
noted that Dr. French's opinion was based in part on plaintiff's
subjective complaints of pain, which the ALJ rejected, and on
deconditioning rather than disability.  Tr. 24, 323, 331.
Plaintiff does not dispute the ALJ's credibility finding or the
rejection of Dr. French's opinion.

Tr. 259, 314.  Moreover, the record does not reflect objective
evidence of an impairment that "could reasonably be expected to
produce" the pain alleged, as plaintiff testified her pain is
unrelated to her past surgeries.  Tr. 346-47; Smolen v. Chater, 80
F.3d 1273, 1281 (9th Cir. 1996) (internal quotation marks and
citations omitted).

Further, I do not find that the ALJ's interpretation of Dr.
Bruton's functional analysis is unreasonable, particularly in light
of the medical evidence of record.  See Batson v. Comm'r Soc. Sec.
Admin., 359 F.3d 1190, 1198 (9th Cir. 2004) ("When the evidence
before the ALJ is subject to more than one rational interpretation,
we must defer to the ALJ's conclusion.").

B.  Plaintiff's Ability to Perform Other Work

Plaintiff next argues that the ALJ erred in finding that she
was able to perform the work of a short order cook without
determining her transferrable skills or the level of vocational
adjustment that would be required.  See 20 C.F.R. §§ 402.35(b)(1),
404.1568(4); Social Security Rulings 82-41.

Skill are likely transferable to a new job when: 1) "[t]he
same or a lesser degree of skill is required"; 2) "[t]he same or
similar tools and machines are used"; and 3) "[t]he same or similar
raw materials, products, processes, or services are involved."  20
C.F.R. § 404.1568(d)(2).  However, "[a] complete similarity of all
three factors is not necessary for transferability."  Id. §
404.1568(d)(3).

In this case, the occupational descriptions for an
institutional and short order cook are quite similar, as noted in
plaintiff's supporting memorandum, and the level of skill required

7    - OPINION AND ORDER

for plaintiff's past relevant work as an institutional cook is greater than that of a short order cook.  Plaintiff's Memorandum Supporting Petition for Review, p. 13 (citing *Dictionary of Occupational Titles* descriptions); Tr.  373-74.  Moreover, plaintiff does not argue that she has no transferrable skills.

Likewise, the vocational expert testified that plaintiff could perform the work of a short order cook, and plaintiff identifies no vocational adjustment that would be required.  Given the higher skill level of her past work and the similarities with skills required of a short order cook, little vocational adjustment would be required.  Therefore, even if the ALJ failed to identify plaintiff's transferrable skills, reversal of the Commissioner's decision is not warranted.

CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record.  Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this   31   day of May, 2006.


                        /s/ Ann Aiken
                       Ann Aiken
              United States District Judge


8    - OPINION AND ORDER